UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN PATRICK MICKLIN,

    Plaintiff,

                                        Case No. 1:07-CV-237

v.                                                     Hon. Gordon J. Quist

SHEILA GOODELL, *et al.*,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

    **I.**    **Introduction**

Plaintiff was convicted in this court of four counts related to the manufacture and attempted distribution of MDMA/"Ecstacy" and MDA. *See United States v. Micklin*, 1:02-cr-51 (W.D. Mich. July 18, 2002, as amended Nov. 3, 2005). After an appeal and resentencing, plaintiff moved to vacate the conviction pursuant to 28 U.S.C. § 2255. The court denied his motion in an order entered April 12, 2007. *See Micklin v. United States*, No. 1:06-cv-593 (W.D. Mich.). The matter is currently pending on appeal to the Sixth Circuit Court of Appeals. *See Micklin v. United States*, No. 07-1675 (6th Cir.).

On March 12, 2007, plaintiff filed this *pro se* civil rights suit pursuant to 42 U.S.C. § 1983. On March 16, 2007, plaintiff was allowed to proceed *in forma pauperis*. His suit was dismissed on May 9, 2007, for failure to pay the initial partial filing fee. The court re-opened the suit on July 11, 2007 after determining that the fee had been paid. Plaintiff has now filed a "motion for enlargement of time" seeking to stay his suit pending the outcome of his pending action under

28 U.S.C. § 2255 (docket no. 4) and an alternative motion to serve the summons and complaint (docket no. 5).

## II. Discussion

Plaintiff's alleges that defendants conducted an illegal search on or about August 1st and 2nd, 2001. Comp. at ¶¶ 6, 11, 15. He also alleges that "[a]s a direct and proximate result of this illegal search," he "was and is incarcerated on various charges related to manufacture of ecstasy." *Id.* at ¶ 19. Because plaintiff is proceeding *in forma pauperis*, this action is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B), which provides that the court "shall dismiss" actions brought *in forma pauperis* at any time if the court determines that the action "(i) is frivolous or malicious" or "(ii) fails to state a claim on which relief may be granted." Dismissal of a complaint for failure to state a claim on which relief can be granted under § 1915(e)(2) is appropriate "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). *See, e.g., Gomez v. Doe*, 213 Fed.Appx. 877, 878 (11th Cir. 2007) ("[t]he running of the statute of limitations is sufficient grounds for dismissing a claim under § 1915(e)(2)(B)"); *Widner v. Bracke*, No. 99-6328, 2000 WL 1140693 at *2 (6th Cir. Aug. 7, 2000) ("we conclude that the dismissal of this complaint for failure to state a claim pursuant to § 1915(e)(2)(B) should be affirmed, as it is apparent from the face of the complaint that it is barred by the statute of limitations").

This court may also dismiss a complaint *sua sponte* for lack of subject matter jurisdiction. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). "Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). "Federal subject matter jurisdiction may be raised at any time during litigation and must

be raised sua sponte when there is an indication that jurisdiction is lacking." *Hughes v. Patrolmen's Benevolent Association of the City of New York, Inc.*, 850 F.2d 876, 881 (2d Cir.1988). *See also, Taubman Co. v. Webfeats*, 319 F.3d 770, 773 (6th Cir.2003); *Ambrose v. Welch*, 729 F.2d 1084, 1085 (6th Cir. 1984).

In his "motion for enlargement of time," plaintiff seeks to stay this civil rights suit pending the determination of his § 2255 motion, noting that an unsuccessful appeal of the district court's decision denying the § 2255 motion would render his § 1983 suit moot. Plaintiff relies *Wallace v. Kato*, -- U.S. --, 127 S. Ct. 1091 (2007), for the proposition that his civil rights action should be stayed pending the resolution of the § 2255 motion. In *Wallace*, the court found that the statute of limitations for a § 1983 false arrest claim in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, began to run when the plaintiff became detained pursuant to legal process. *Wallace*, 127 S. Ct. 1091. The court observed that "[i]f a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 1098.

Prior to *Wallace*, courts invoked the rule in *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994), i.e., that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Under this rule, plaintiff's claim was premature until his conviction was invalidated in the § 2255 proceedings. *See, e.g., Akers v. Martin*, 227 Fed. Appx 721, 721-23 (10th Cir. 2007) (plaintiff's *Bivens* action alleging that the federal district judge, federal prosecutors, federal public defender and FBI agents conspired

3

to deprive him of various constitutional rights was premature under *Heck*, where plaintiff failed seek a direct appeal or post-conviction relief under § 2255).

However, the Sixth Circuit has interpreted *Wallace* as terminating the *Heck* rule with respect to § 1983 actions arising from pre-conviction claims:

> In *Heck*, a state prisoner filed suit under § 1983 asserting claims that, if true, would have demonstrated the invalidity of his conviction. Analogizing to malicious prosecution, the Court held that to recover damages under § 1983 for an allegedly unconstitutional conviction, "or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-87, 114 S.Ct. 2364. The Court in *Heck* declared that: "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* The Court also noted that, in such a case, the statute of limitations would pose no problem because a cause of action that would imply the invalidity of a conviction would not accrue until the conviction was reversed or expunged, and the statute of limitations would not begin to run until then. *Id.* at 489-90, 114 S.Ct. 2364.
>
> This court, drawing on the reasoning in *Heck* and acknowledging that *Heck* did not resolve the issue, joined other courts in extending application of *Heck* and its effect on the statute of limitations to certain pre-conviction circumstances. *Shamaeizadeh*, 182 F.3d at 398. As a result, we held that when a § 1983 claim would imply the invalidity of a future conviction, the statute of limitations would not begin to run until the criminal charges have been dismissed. *Id.* at 398-99; *see, e.g., Wolfe v. Perry*, 412 F.3d 707, 714-15 (6th Cir.2005); *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir.2003); *Hodge v. City of Elyria*, 126 Fed.Appx 222 (2005) (finding claim would not impugn a future conviction). <u>In no uncertain terms, however, the Court in *Wallace* clarified that the *Heck* bar has no application in the pre-conviction context</u>.

*Fox v. DeSoto*, 489 F.3d 227, 234 (6th Cir. 2007) (emphasis added).

In *Fox*, the Sixth Circuit cited with approval the district court's decision in *Kucharski v. Leveille*, 478 F. Supp.2d 928 (E.D. Mich. 2007). *Fox*, 489 F. 3d. at 234 fn. 3. In *Kucharski*, which like the present case involved a Fourth Amendment illegal seizure claim, the court found that the plaintiff's claim was time-barred under *Wallace*. The court determined that the plaintiff's illegal

4

seizure claim accrued at the time of the search and seizure on March 24, 2001, i.e., when he knew or had reason to know of the injury. *Kucharski*, 478 F. Supp. 2d at 932. *See Trzebuckowski*, 319 F. 3d at 319 ("[i]n determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights"). After applying Michigan's three year statute of limitations,[1] the court found that plaintiff's suit, filed on September 26, 2005, was untimely. *Kucharski*, 478 F. Supp. 2d at 929, 932-33.

In the present case, plaintiff's Fourth Amendment illegal search and seizure claim accrued no later than August 2, 2001. Under the reasoning expressed in *Wallace* and *Fox*, plaintiff could have filed his § 1983 suit at that time and then stayed the civil action until the criminal case ended. *See Wallace*, 127 S. Ct. at 1098; *Fox*, 489 F.3d at 234. However, plaintiff filed his § 1983 suit on March 12, 2007, more than five and one-half years after the alleged illegal search. Plaintiff's suit is untimely under Michigan's three year statute of limitations. Accordingly, the court should deny plaintiff's motions and dismiss this suit *sua sponte* for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

**III.    Recommendation**

I respectfully recommend that plaintiff's motion for enlargement of time (docket no. 4) and motion for service (docket no. 5) be **DENIED** and his suit **DISMISSED**.

Dated:  October 3, 2007                                /s/ Hugh W. Brenneman, Jr.
                                                       HUGH W. BRENNEMAN, JR.
                                                       United States Magistrate Judge

---

[1] *See, e.g., Hawkins v. Spitters*, 79 Fed.Appx. 168, 169 (6th Cir. 2003) ("[f]or civil rights suits filed in Michigan under § 1983, the statute of limitations is three years" based upon MCL § 600.5805(8)).

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).